FILED
2013 NOV -6  PM 3:52
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

ROBERT A. RIVAS (CA Bar No. 196744)
rrivas@alvaradosmith.com
AMIR A. AMINI (CA Bar No. 227377)
aamini@alvaradosmith.com
ALVARADOSMITH
A PROFESSIONAL CORPORATION
1 MacArthur Place, Suite 200
Santa Ana, California 92707
Tel: (714) 852-6800
Fax: (714) 852-6899

Attorneys for Plaintiff
MICHAEL ZSCHOCHE, an individual

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ZSCHOCHE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ERIC HALE, an individual, LOCALE LIFESTYLE MAGAZINE, LLC, a limited liability company, DOES 1 through 9<br><br>Defendants. | CASE NO.: SACV13-01763 JLS (ANx)<br><br>**COMPLAINT FOR:**<br>1. FEDERAL TRADEMARK INFRINGEMENT;<br>2. FEDERAL COMMON LAW TRADEMARK INFRINGMENT;<br>3. FEDERAL UNFAIR COMPETITION;<br>4. COMMON LAW TRADEMARK INFRINGEMENT;<br>5. UNFAIR COMPETITION UNDER CALIFORNIA STATE LAW; AND<br>6. UNJUST ENRICHMENT.<br><br>**Demand for Jury Trial**<br>(F.R.Civ.P. 38(b)) |

BY FAX
COPY

3722612.1 -- N1412.1

Plaintiff MICHAEL ZSCHOCHE ("ZSCHOCHE"), appearing through undersigned counsel, states as follows:

### Parties

1. ZSCHOCHE is an individual residing in Orange County, California.

2. Upon information and belief, LOCALE LIFESTYLE MAGAZINE, LLC ("MAGAZINE") is a limited liability company organized and existing under the laws of California, doing business in California, with its principal place of business at 3420 Bristol St. #600, Costa Mesa, California 92626.

3. Upon information and belief, ERIC HALE ("HALE") is an individual residing in the State of California and is the owner of MAGAZINE.

4. HALE is the managing member of MAGAZINE and directed and authorized the infringement, as alleged herein.

5. The true names and capacities of Defendants Does 1-9 inclusive, are unknown to ZSCHOCHE, who therefore sues them by such fictitious names. ZSCHOCHE will seek leave to amend this complaint to allege their trues names and capacities when they have been ascertained. ZSCHOCHE is informed and believes and thereon alleges that each of the factiously named Defendant is responsible in some manner for the occurrences herein alleged and that ZSCHOCHE's damages as herein alleged were proximately caused by those Defendants. At all times herein mentioned, Defendants and DOES 1-9 inclusive were agents, servants, employees or attorney of their co-defendants and in doing the things hereinafter alleged were acting within the course and scope of their authority as those agents, servants employees or attorneys, and with the permission and consent of their co-defendants.

### Nature And Basis Of The Action

6. This is an action by ZSCHOCHE seeking preliminary and permanent injunctive relief and damages and other monetary relief against Defendants for trademark infringement, unfair competition, and unjust enrichment arising out of Defendants wrongful conduct.

7. This action arises under the Lanham Act, 15 U.S.C. § 1051, *et seq* for trademark infringement pursuant to §32 of the trademark Act of 1946 (Lanham Act), as amended, 15 U.S.C. § 1114 and for trademark infringement, unfair competition and unjust enrichment under the statutory and common law of California.

## Jurisdiction And Venue

8. The jurisdiction of this Court over the subject matter of this action under 15 U.S.C. §1121, 28 U.S.C §§1331, and 1338 (a) and (b), and has supplemental jurisdiction under 28 U.S.C. §1367(a) over Plaintiff's claim under state law.

9. Supplemental jurisdiction over the related state law claims is conferred upon this Court by 28 U.S.C. § 1367(a).

10. Venue in proper in this judicial district as Defendants reside here, having committed acts of infringement and this subject to personal jurisdiction in this judicial district, pursuant to 28 U.S.C. § 1391(b),(c).

## Background Allegations

11. In or around 1997, ZSCHOCHE began providing branding, collateral (printed materials), and website services. His initial projects were with two retail stores in Newport Beach, California. In connection with these services, through approximately 2010, ZSCHOCHE prepared national magazine ads, direct mail campaigns, catalogs, and the companies' websites.

12. In or around 2006, ZSCHOCHE was retained by Interactive Business Group to provide branding, collateral, website and copyrighting services.

13. ZSCHOCHE's work for Interactive Business Group was well received and led to many more opportunities to provide similar services for other companies. From 2006-2010, ZSCHOCHE provided branding, collateral, website and copyrighting services to approximately thirty companies, including a mini market chain owned by Jack-In-The-Box.

14. In the beginning of 2012, ZSCHOCHE was retained by Alegria Magzine to provide branding, collateral, website and copyrighting services. Alegria is a bilingual

3
COMPLAINT

3722612.1 -- N1412.1

lifestyle magazine.

## Allegations Common To All Counts

15. ZSCHOCHE created the "Locale" mark in early 2010 for use in printed periodicals.

16. ZSCHOCHE is the owner of federally registered trademark for LOCALE, U.S. Registration Number 4,420,708, for printed periodicals in the field of lifestyle in class 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 and 50) issued on October 22, 2013 (hereinafter "LOCALE MARK"). A copy of this registration is attached as Exhibit "1". ZSCHOCHE's first use of the mark was on February 1, 2010 and first use in commerce was July 1, 2010. The LOCALE MARK is owned by ZSCHOCHE.

17. At or around the same time as ZSCHOCHE created the LOCALE MARK, ZSCHOCHE entered into a license agreement with HALE and the MAGAZINE by which ZSCHOCHE agreed to allow HALE and the MAGAZINE to use the LOCALE MARK for branding and as the mark for the MAGAZINE.

18. ZSCHOCHE's license was granted to HALE and the MAGAZINE until HALE or the MAGAZINE either paid ZSCHOCHE for the LOCALE MARK and branding developed by ZSCHOCHE or compensated ZSCHOCHE with equity in the MAGAZINE.

19. On information and belief, soon after ZSCHOCHE developed the LOCALE MARK, HALE and MAGAZINE began using the LOCALE MARK to distribute an online magazine that is available nationally and internationally at www.localemagazine.com, as well as a brick and mortar magazine to readers throughout Southern California

20. On information and belief, MAGAZINE's name "Locale" is prominently displayed on each page of MAGAZINE's website and is used in all brick and mortar materials distributed by MAGAZINE.

21. Defendants have failed to compensate Plaintiff for use of the LOCALE MARK.

4
**COMPLAINT**

3722612.1 -- N1412.1

22. As such, Plaintiff has objected to Defendants' use of the LOCALE MARK.

23. Despite Plaintiff's objection to Defendants continued use of the LOCALE MARK, Defendants continue to use the LOCALE MARK.

24. Defendants have not ceased their unauthorized use of the LOCALE MARK.

25. On information and belief, Defendants intend to continue its unauthorized use of ZSCHOCHE's LOCALE MARK.

26. Defendants' use of the marks in commerce is without the permission, license or authority of ZSCHOCHE. Such use is confusingly similar to ZSCHOCHE's federally registered LOCALE MARK.

### Effect Of Defendants' Activities On The Consuming Public

27. The use of the LOCALE MARK by Defendants in the manner described above is likely to cause confusion, to cause mistake, and/or to deceive customers and potential customers of the parties, at least as to some affiliation, connection or association of Defendants with ZSCHOCHE, or as to the origin, sponsorship, or approval of the goods and/or services of Defendants by ZSCHOCHE. Use in commerce of the LOCALE MARK by Defendants is likely to cause confusion as to the origin of the LOCALE MARK.

28. Use of the LOCALE MARK by Defendants in the manner described above falsely indicates to the purchasing public that the goods and/or services of Defendants originate with ZSCHOCHE, or are affiliated, connected or associated with ZSCHOCHE, or are sponsored, endorsed, or approved by ZSCHOCHE, or are some manner related to ZSCHOCHE.

29. Use of the LOCALE MARK by Defendants in the manner described above enables Defendants to trade on and receive the benefit of goodwill in that mark.

30. Use of the LOCALE MARK by Defendants in the manner described above unjustly enriches Defendants at ZSCHOCHE's expense.

31. The activities of Defendants have caused irreparable injury to ZSCHOCHE and to the public and, unless restrained by this Court, will continue to cause

1  irreparable injury to ZSCHOCHE and to the public. There is no adequate remedy at
2  law for this injury.

### COUNT ONE: Trademark Infringement

3
4      32.  ZSCHOCHE incorporates the allegations of paragraphs 1-31 as if set forth
5  fully herein.
6      33.  The acts of Defendants complained herein constitute infringement of
7  federally registered LOCALE MARK in violation of 15 U.S.C. §1114(1).
8      34.  Defendants' use of the LOCALE MARK has caused or is likely to cause
9  confusion, mistake, or deception as to the source or origin, sponsorship, or approval
10 of Defendants or their products, in that purchasers and others in this judicial district
11 and elsewhere in the United States are likely to believe that Defendants are
12 associated with or related to ZSCHOCHE or are authorized by ZSCHOCHE.
13     35.  Defendants' acts injure ZSCHOCHE's image and reputation with consumers in
14 this District by creating confusion about, and potential consumer dissatisfaction with,
15 ZSCHOCHE.
16     36.  The acts of Defendants described herein have been willful and in bad faith,
17 making this an exceptional case within the meaning of 15 U.S.C. § 1117(a).
18     37.  Plaintiff has been damaged by the acts of Defendants in an amount according
19 to proof.
20     38.  Plaintiff ZSCHOCHE is entitled to a preliminary injunction to be made
21 permanent upon entry of final judgment, preventing Defendants' further infringement.

### COUNT TWO: Federal Common Law Trademark Infringement

22
23     39.  ZSCHOCHE incorporates and repeats the allegations of paragraphs 1-38 as if
24 set forth fully herein.
25     40.  The acts of Defendants complained of herein constitute trademark infringement
26 of ZSCHOCHE's mark in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §
27 1125(a).
28     41.  Plaintiff has have been damaged by the acts of Defendants in an amount

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

1 according to proof.

## COUNT THREE: Federal Unfair Competition

42. Plaintiff repeats the allegations from paragraphs 1-41 above as if fully set forth herein.

43. The acts of Defendants complained of herein constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

44. Plaintiff has been damaged by the acts of Defendants in an amount according to proof.

## COUNT FOUR: Common Law Trademark Infringement

45. Plaintiff repeats the allegations from paragraphs 1-44 above as if fully set forth herein.

46. The acts of Defendants complained of herein constitute trademark infringement in violation of the common law of California.

47. The acts of Defendants have been conducted maliciously, fraudulently, deliberately, and intentionally to divert sales from Plaintiff and inflict injury on Plaintiff.

48. Plaintiff has been damaged by the acts of Defendants in an amount according to proof.

## COUNT FIVE : Unfair Competition Under California State Law

49. Plaintiff repeats the allegations from paragraphs 1-48 above as if fully set forth herein.

50. The acts of Defendants complained of herein constitute unfair competition in violation of California Business & Professions Code § 17200 et. seq.

51. Plaintiff has been damaged by the acts of Defendants in an amount according to proof.

## COUNT SIX: Unjust Enrichment

52. Plaintiff repeats the allegations from paragraphs 1-51 above as if fully set forth

1 herein.

2     53. The acts of Defendants complained of herein constitute unjust enrichment of

3 Defendants at the expense of Plaintiff.

4     54. Plaintiff has been damaged by the acts of Defendants in an amount according

5 to proof.

### Prayer For Relief

WHEREFORE, Plaintiff ZSCHOCHE prays for entry of judgment against Defendants as follows:

1. Defendants, their officers, agents, servants, employees, attorneys, and all those persons in active concert or participation with them be preliminarily and permanently enjoined and restrained:

   (a) From using "LOCALE," or LOCALE MARK thereof, (whether alone or in combination with any other word(s) or element(s)), or any mark, name, domain name, or other designation which depicts, contains, or consists of any name or mark confusingly similar to the LOCALE MARK;

   (b) From advertising, displaying, selling, or otherwise distributing (whether in physical or electronic form), any and all advertisements, marketing or promotional materials, product packaging, signage, banners, invoices, pamphlets, leaflets, flyers and the like, as well as any goods (products, samples, and the like) containing "LOCALE," the LOCALE MARK and whether alone or in combination with any other word(s) or element(s)), or any other mark, name, or designation;

   (c) From registering, attempting to register, or maintaining any trademark registration, trademark, trade name, domain name, trade designation, or other indicia of origin or source containing "LOCALE," the LOCALE MARK (or any variation thereof, whether alone or in combination with any other word(s) or element(s)), or any mark, name, domain name, or other designation which depicts, contains, or consists of any name or mark confusingly similar to the

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

LOCALE MARK;

(d) From committing any acts or making any statements calculated, or the reasonably foreseeable consequence of which would be, to infringe the LOCALE MARK;

(e) From committing any acts or making any statements calculated, or the reasonably foreseeable consequence of which would be, to infringe any of ZSCHOCHE's trademark rights in the LOCALE MARK or to confuse, mislead, or deceive consumers as to sponsorship, approval or affiliation of ZSCHOCHE by, with, or of Defendants, and;

(f) From conspiring with, aiding, assisting or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (e) above.

2. Defendants be ordered to file with this Court and to serve upon Plaintiff within thirty (30) days after the entry and service on Defendants of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction.

3. Plaintiff recovers all damages it has sustained as a result of the activities of Defendants.

4. Pursuant to 15 U.S.C. § 1117, ZSCHOCHE be awarded treble damages and attorneys' fees for willful infringement.

5. An accounting be directed to determine the profits of Defendants resulting from the activities complained of herein, and that such profits be paid over to Plaintiff, increased as the Court finds to be just under the circumstances of this case.

6. Defendants be required to account for and pay over to Plaintiff any benefit and unjust enrichment obtained at Plaintiff's expense from their wrongful actions.

7. Plaintiff be awarded its costs and fees related to this action, including but not limited to reasonable attorney fees.

8. Plaintiff be awarded prejudgment and post-judgment interest.

9. Plaintiff be granted such other and further relief, at law or in equity, as the Court may deem just and proper.

DATED: November 6, 2013

ALVARADOSMITH
A Professional Corporation

By: _____
ROBERT A. RIVAS
AMIR A. AMINI
Attorneys for Plaintiff
MICHAEL ZSCHOCHE

## Demand For Jury Trial

ZSCHOCHE hereby demands a trial by jury on all issues and claims raised in the Complaint that are triable by jury.

DATED: November 6, 2013

ALVARADOSMITH
A Professional Corporation

By: _____
ROBERT A. RIVAS
AMIR A. AMINI
Attorneys for Plaintiff MICHAEL ZSCHOCHE

3722612.1 -- N1412.1

# Exhibit 1

# United States of America
## United States Patent and Trademark Office

# LOCALE

**Reg. No. 4,420,708**  ZSCHOCHE, MICHAEL E. (UNITED STATES INDIVIDUAL)
305 SANTA ISABEL
**Registered Oct. 22, 2013** COAST MESA, CA 92627

**Int. Cl.: 16**  FOR: PRINTED PERIODICALS IN THE FIELD OF LIFESTYLE, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

**TRADEMARK**  FIRST USE 2-1-2010; IN COMMERCE 7-1-2010.

**PRINCIPAL REGISTER**  THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 85-710,283, FILED 8-22-2012.

RONALD DELGIZZI, EXAMINING ATTORNEY



Deputy Director of the United States Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years\***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.
>
> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.\*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

---

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or reminder of these filing requirements.**

---

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

Page: 2 / RN # 4,420,708

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
MICHAEL ZSCHOCHE, an individual,

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
ERIC HALE, an individual, LOCALE LIFESTYLE MAGAZINE, LLC, a limited liability company, DOES 1 through 9

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)
Robert A. Rivas (SBN 19674)
Amir A. Amini (SBN 227377)
AlvaradoSmith
1 MacArthur Pl, Suite 200, Santa Ana, CA 92707    Tel: (714) 852-6800

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)
3420 Bristol St. #600
Costa Mesa, CA 92626

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☒ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify):
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)
**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $ According to Proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. § 1051, et seq for trademark infringement pursuant to §32 of the trademark Act of 1946 (Lanham Act), as amended, 15 U.S.C. § 1114

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | **TORTS** | ☐ 510 Motions to Vacate Sentence | ☒ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **PERSONAL PROPERTY** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL PROPERTY** | ☐ 370 Other Fraud | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation |  | ☐ 310 Airplane | ☐ 371 Truth in Lending | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV |  | ☐ 330 Fed. Employers' Liability | **BANKRUPTCY** | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts |  | ☐ 350 Motor Vehicle | **CIVIL RIGHTS** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 440 Other Civil Rights | ☐ 690 Other |  |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 441 Voting | **LABOR** |  |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpratice | ☐ 442 Employment | ☐ 710 Fair Labor Standards Act |  |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accomodations | ☐ 720 Labor/Mgmt. Relations |  |
|  | ☐ 210 Land Condemnation | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 740 Railway Labor Act |  |
|  | ☐ 220 Foreclosure |  | ☐ 446 American with Disabilities-Other | ☐ 751 Family and Medical Leave Act |  |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 448 Education | ☐ 790 Other Labor Litigation |  |
|  |  |  |  | ☐ 791 Employee Ret. Inc. Security Act |  |

**FOR OFFICE USE ONLY:** Case Number: **SACV13-01763 JLS (ANx)**

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court?<br>☐ Yes  ☒ No<br>If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action?<br>☐ Yes  ☒ No<br>If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF?<br>Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT?<br>Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? | A.<br>Los Angeles County | B.<br>Ventura, Santa Barbara, or San Luis Obispo Counties | C.<br>Orange County | D.<br>Riverside or San Bernardino Counties | E.<br>Outside the Central District of California | F.<br>Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of claims arose: | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ |

| C.1. Is either of the following true? If so, check the one that applies: | C.2. Is either of the following true? If so, check the one that applies: |
|---|---|
| ☒ 2 or more answers in Column C<br>☐ only 1 answer in Column C and no answers in Column D<br><br>Your case will initially be assigned to the<br>SOUTHERN DIVISION.<br>Enter "Southern" in response to Question D, below.<br><br>If none applies, answer question C2 to the right. ➡ | ☐ 2 or more answers in Column D<br>☐ only 1 answer in Column D and no answers in Column C<br><br>Your case will initially be assigned to the<br>EASTERN DIVISION.<br>Enter "Eastern" in response to Question D, below.<br><br>If none applies, go to the box below. ⬇ |

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | SOUTHERN DIVISION |

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ NO  ☐ YES

If yes, list case number(s):

**IX(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ NO  ☐ YES

If yes, list case number(s):

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):** _/s/_  DATE: 11/06/2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____Josephine L. Staton_____ and the assigned Magistrate Judge is _____Arthur Nakazato_____ .

The case number on all documents filed with the Court should read as follows:

**SACV13-01763 JLS (ANx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

November 6, 2013              By   Maria Barr
Date                                   Deputy Clerk

---

## NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

☐ Western Division
312 N. Spring Street, G-8
Los Angeles, CA 90012

☒ Southern Division
411 West Fourth St., Ste 1053
Santa Ana, CA 92701

☐ Eastern Division
3470 Twelfth Street, Room 134
Riverside, CA 92501

**Failure to file at the proper location will result in your documents being returned to you.**

---

CV-18 (08/13)              NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES